# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**PAUL JORGENSON,**

    Petitioner,

v.

                          **CIVIL ACTION NO. 5:11-CV-174**
                          **(BAILEY)**

**TERRY O'BRIEN, Warden,**

    Respondent.

## ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION

**I.    Introduction**

On this day, the above-styled matter came before this Court for consideration of the Amended Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 23]. By Local Rule, this action was referred to Magistrate Judge Seibert for submission of a report and a recommendation ("R&R"). Magistrate Judge Seibert filed his Amended R&R on March 19, 2012 [Doc. 23]. In that filing, the magistrate judge recommends that this Court deny the petitioner's § 2241 petition and dismiss it with prejudice.

**II.    Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections [Docs. 24 & 27] on March 21, 2012, and March 30, 2012, respectively. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's Amended R&R to which the petitioner objects. The remainder of the Amended R&R will be reviewed for clear error.

### III. Factual and Procedural History

On November 30, 2011, the *pro se* petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The relief sought by the petition requests this Court to order the United States Parole Commission ("USPC") to grant the petitioner parole; or, in the alternative, if the Parole Commission does not comply with this Court's Order, petitioner requests that the Court order his immediate release. This Court gathers the petitioner must believe he has suffered some egregious wrong to seek such extraordinary relief. Thus, this Court will undertake a thorough review of the factual underpinnings which the petitioner believes warrant his release.

Upon review of the record before it, this Court could best describe the petitioner's criminal career as long and distinguished. This Court notes that while the petitioner enjoys

engaging in criminal activity, he is not fond of the penal system. In sum, on January 5, 1977, petitioner, then 31 years old, along with three other inmates, escaped from the Arizona State Prison by taking a guard hostage and stealing his car. Armed with a .308 rifle and a .38 caliber revolver, the escapees traveled to Tucson, where they commandeered a married couple's apartment. After releasing the couple, they took another individual hostage, forcing him to use his car to drive them to Albuquerque, New Mexico. Once there, they forced their way into another individual's apartment, where they then held the Tucson hostage and the Albuquerque apartment tenant hostage while they planned an armed bank robbery. After successfully stealing $14,000 from the bank robbery and splitting the proceeds, they traveled to Denver in the second hostage's car with both hostages, where they ultimately left them, bound but apparently unharmed, in a motel room, and each went their separate ways.

Less than a month later, on February 1, 1977, in the District Court of New Mexico, the petitioner was charged with conspiracy, in violation of 18 U.S.C § 371; bank robbery, in violation of 18 U.S.C. § 2113(a)(d); bank larceny in violation of 18 U.S.C. § 2113(b); kidnaping, in violation of 18 U.S.C. § 1201; interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312; and aiding and abetting, in violation of 18 U.S.C. § 2. On April 1, 1977, after a five-day trial, petitioner was convicted on all counts. Three days later, on April 4, 1977, he was sentenced to five years on Count One; Count Three was merged into Count Two, and a single sentence of twenty-five years was imposed, with the sentences on Counts One and Two to run concurrently, but consecutively to any other sentence imposed; fifty years on Count Four; five years on Count Six, with the sentences

on Counts Four and Six to run concurrently but consecutively to any other sentences imposed; fifty years on Count Five and five years on Count Seven, with the sentences on Counts Five and Seven to run concurrently but consecutively to any other sentences imposed. [Doc. 11-2]. Accordingly, petitioner received an aggregate term of imprisonment of one-hundred and twenty-five years. [Doc. 11-3 at 3].

Based upon the above, the petitioner's statutory release date was determined to be January 14, 2061; his date of expiration full term date was determined to be February 9, 2102; and upon serving two thirds of his sentence, he becomes parole-eligible on October 11, 2053. (Id.).

The USPC conducted petitioner's first parole hearing in 1988, after he had been incarcerated for 140 months. By Notice of Action ("NOA") dated November 1, 1988, the USPC continued the petitioner to a 15-year reconsideration hearing in October, 2003. In reaching this decision, the USPC found that petitioner's aggregate guideline range of 500-748 months should be served before release for cases with good institutional adjustment and program achievement.

The USPC determined, however, that a decision more than 48 months above the minimum guideline range was warranted, because since commitment, petitioner had lost 1,329 statutory good time days for nine separate attempted escapes; three incidents of possession of a sharpened instrument; seven incidents involving possession of explosives or zip gun materials; and he had had twenty-one incidents of an administrative nature. Further, he had twice committed Category Three criminal behavior inside the prison by assaulting prison officers, once in 1978, and again in 1979, adding 12-16 months for each

4

assault to his original guidelines. After review of all the relevant factors and information presented, the USPC determined that a decision outside the guidelines was not warranted. As required by law, the NOA scheduled a statutory interim hearing during October 1990. [Doc. 11-4 at 1 - 2]. Petitioner did not appeal this determination.

At a 1994 statutory interim hearing ("SIH"), petitioner was assessed an additional rescission guideline behavior of 8-16 months for another escape in 1992, increasing his overall guidelines to 508 – 764 months. [Doc. 11-5 at 4]. Presumably, after a 1996 SIH, by NOA, dated October 28, 1996, petitioner was continued to a 15-year reconsideration hearing in October 2003. He was advised that retroactivity did not apply to him, because his recalculated severity rating and recalculated salient factor risk were no more favorable than under the prior calculation. Additionally, because he had committed behavior constituting new Category Three severity criminal conduct in a prison facility (possession of a hazardous tool, a screwdriver with a three inch blade), an additional guideline range of 12-16 months was assessed. Further, because he had again attempted to escape, an additional 8-16 months was added to his original guideline range. His aggregate guideline range was found to be 20-32 months, to be added to his original guideline range of 500-748 months. Accordingly, a decision outside of the guidelines was not found warranted. As required by law, he was scheduled for a SIH during October 1998. [Doc. 11-7 at 11].

After a 1999 SIH, by NOA dated February 8, 1999, petitioner was continued to a 15-year reconsideration hearing in October, 2003. He was again advised that retroactivity did not apply to him, because neither his recalculated severity rating nor his recalculated Salient Factor risk category was any more favorable that they were under the prior

5

calculation, and there had been no regulatory or procedural changes since his previous hearing that would positively impact either his Offense Severity or Salient Factor Scoring. As required by law, he was scheduled for a SIH during January 2001.  [Doc. 11-7 at 13].

After a 2001 SIH, by NOA dated May 19, 2001, the USPC reiterated its position stated in the February 8, 1999, Notice of Action, continuing petitioner to a 15-year reconsideration hearing date in October 2003, and, as required by law, scheduled him for an SIH in April, 2003.  [Doc. 11-7 at 14].

On June 12, 2006, petitioner's Reconsideration hearing was held.  At that point, as of June 6, 2006, petitioner had been incarcerated 352 months, 192 months below the bottom of the guidelines.  [Doc. 11-5 at 5].  The hearing examiner noted that since petitioner's 1994 SIH, he had incurred four additional infractions which added 36-50 months to his guidelines range, increasing his total guideline range to 544-814 months.  By NOA dated July 31, 2006, the USPC continued petitioner to a 15-year reconsideration hearing in June 2021.  In reaching its decision, the USPC found that a guideline range of 100-148 months should be served before release; however, it determined after a review of all the relevant factors presented, a decision outside the guidelines was not warranted.  As required by law, the NOA scheduled a statutory interim hearing in June 2008.  [Doc. 11-6 at 2].

On August 10, 2006, petitioner filed an appeal of the USPC's July 31, 2006, decision with the National Appeals Board.  On November 22, 2006, by NOA on Appeal, the National Appeals Board affirmed the UPSC's July 31, 2006 decision.  [Doc. 11-8].

On September 24, 2008, petitioner received another SIH hearing. The hearing

examiner found that petitioner had had an excellent prison record for the previous two years and had incurred no disciplinary infractions. Based on petitioner's Superior Program Achievement, the examiner recommended a reduction of 1 year from his original 15-year reconsideration hearing date of June 2021. [Doc. 11-11 at 18]. By NOA dated October 15, 2008, however, the USPC again reiterated its prior position, declined the hearing examiner's recommendation and continued petitioner to a 15-year reconsideration hearing date at the originally-scheduled date in June, 2021. [Doc. 11-9 at 1]. As required by law, it scheduled petitioner for a SIH in September, 2010. (Id.). On October 24, 2008, petitioner appealed the USPC's October 15, 2008, decision, alleging the same grounds as raised in his previous appeal of August 10, 2006, but with the additional argument that his much-improved prison conduct since 2006, warranted a more lenient decision. [Doc. 11-10 at 1 - 12]. By NOA on Appeal, dated March 16, 2009, the National Appeals Board affirmed the USPC's October 15, 2008, determination for the same reasons it outlined in its November 22, 2006, NOA on Appeal. [Doc. 11-12 at 1].

On September 28, 2010, petitioner received another SIH hearing. By NOA dated October 12, 2010, the USPC again reiterated its position, continuing petitioner to a 15-year reconsideration hearing date in June, 2021, but scheduling him for a SIH in September, 2012. [Doc. 11-9 at 2]. On October 21, 2010, petitioner appealed the USPC's October 12, 2010, decision, again reiterating the same grounds raised in his prior appeals, and attaching more documentation, showing his program achievements. [Doc. 11-11 at 1- 21]. By a December 13, 2010, NOA on Appeal, the National Appeals Board affirmed the USPC's decision for the same reasons as stated in its Notices of Action of Appeal dated

7

November 22, 2006, and March 16, 2009. [Doc. 11-12 at 2].

On January 21, 2011, petitioner submitted an Inmate Request to Staff, requesting to be paroled citing 45 FR § 44925. On March 1, 2011, he submitted a BP-8 to his Unit Manager, and received a response on March 9, 2011, advising that his next hearing was set for September 2012. On March 12, 2011, he submitted a Request for Administrative Remedy to the Warden, and on March 22, 2011, he received the Warden's response, advising that his last NOA dated December 13, 2010, indicated there was to be no change in his 15-year Reconsideration date of June 2021, and reiterating that his next SIH hearing was set for September 2012. On March 30, 2011, petitioner appealed the Warden's response to the Regional Director of the Mid-Atlantic Region, and on April 4, 2011, that appeal was denied. On May 4, 2011, he appealed that denial to the BOP's office of General Counsel, and on July 5, 2011, that appeal was also denied. [Doc. 11-13 at 1-8].

On February 2, 2011, petitioner submitted an Inmate Request to Staff, requesting to be paroled pursuant to 18 U.S.C. § 4205. On March 9, 2011, he received a response from his Unit Manager, stating his request had been reviewed, and his most recent NOA indicated that his next hearing was set for September 2012. On March 12, 2011, petitioner submitted a Request for Administrative Remedy the Warden, and on April 19, 2011, received a response advising that his request for consideration of a compassionate release under 18 U.S.C. § 4205(g) was denied. The Warden noted that petitioner had not provided a proposed release plan and did not include any extraordinary or compelling circumstances which could not have been reasonably foreseen by the courts at the time of sentencing. On April 27, 2011, petitioner appealed the Warden's decision to the Regional Director, Mid-

8

Atlantic Region. On May 26, 2011, the Regional Director denied his appeal, noting that the Warden's response indicated that petitioner was not predictably terminally ill, and that the denial of compassionate release was in accordance with BOP policy, Program Statement 5050.46. On September 21, 2011, petitioner appealed the Regional Director's decision to the BOP's General Counsel. On November 10, 2011, the appeal was denied.

On March 18, 2011, petitioner wrote to Steven Husk, Parole Hearing Coordinator for the USPC, requesting that a 30-year mandatory parole hearing be scheduled for him. [Doc. 17-1 at 3]. On April 13, 2011, he received a reply from a J.C. Bradford, Correspondence Specialist at the DOJ/USPC, advising him that his next Statutory Interim Hearing was scheduled for September 1, 2012, and advising him on the procedure to apply for parole.

## IV. ANALYSIS

The petitioner claims he is entitled to mandatory parole, or a mandatory parole hearing pursuant to 18 U.S.C. § 4206(d). Parole eligibility under § 4206(d) provides:

> "(d) Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: Provided, however, That the Parole Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State or local crime."

18 U.S.C. § 4206(d).

9

The petitioner objects to the R&R insofar as it relies on a "record [that is] incomplete as to the dates of most of the SIHs [statutory interim hearings] or the hearing examiners' report of them." [Doc. 24 at 1]. He contents the Court should consider a full record as the "USPC is required by their own regulations to maintain complete files of previous parole hearings." Id. In essence, the petitioner asserts that he is entitled to discovery; specifically, the petitioner seeks "his complete USPC record, the U.S. DOJ, USPC, Rules and Procedures Manual § 2.5; U.S. DOJ, Federal Prison System Program Statement No. 5050.9, and other policies and records directly bearing on the issue of aggregation of consecutive sentences into a single, parolable sentence and a mandatory parole hearing pursuant to 18 U.S.C. § 4206(d) . . .." Id. at 2.

As an initial matter, this Court denies the petitioner's request for the above documents. The Magistrate Judge thoroughly reviewed the applicable law, and providing the requested documents to the petitioner would be futile.

The instant inquiry provides a simple result: because the petitioner is serving a sentence of three consecutive sentences of twenty-five, fifty, and fifty years, totaling one hundred and twenty-five years, the earliest the petitioner is statutorily eligible for parole is after he has served two-thirds of each consecutive term, or, in the case of a term of more than 45 years, at least 30 years of that term. **Hackley v. Bledsoe**, 350 Fed.Appx. 599 (3d. Cir. 2009). Therefore, the petitioner must serve two-thirds of his 25-year sentence, or 16 years and 8 months, plus thirty years on each of his two fifty-year sentences, for a total of 76 years and 8 months before becoming statutorily eligible for mandatory parole; i.e. October 11, 2053. This Court expresses no opinion concerning the Parole Board's

10

determination at that time.

## V. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Amended Report and Recommendation **[Doc. 23]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's amended report.[1] As such, the plaintiff's Objections to the magistrate judge's R&R **[Docs. 24 & 27]** are **OVERRULED**. Accordingly, the petition **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE** . Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

---

[1] The Court notes the original Report and Recommendation [Doc. 21] was amended to reflect the recommendation that the petition be dismissed *with* prejudice. Accordingly, this Court declines to adopt the original Report and Recommendation **[Doc. 21]** in favor of the Amended Report and Recommendation.

**DATED:** May 2, 2012.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE